IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONTAE SPIVEY, #285631 *
Plaintiff,
v. * CIVIL ACTION NO. JFM-09-440

DEPARTMENT OF PUBLIC SAFETY & *
CORRECTIONAL SERVICES
STATE OF MARYLAND *
MARYLAND STATE TREASURER
Defendants. *
***

MEMORANDUM

Plaintiff Dontae Spivey ("Spivey"), is a Division of Correction ("DOC") inmate who claims he is partially paralyzed on the left side of his body due to a stroke suffered while confined in the DOC. He filed this 42 U.S.C. § 1983 action for injunctive and declaratory relief and damages claiming the cell he was assigned to at the Western Correctional Institution ("WCI") from March to December of 2008, did not accommodate his needs as the shelves and mirrors were too high and there was no writing desk. Spivey claims that WCI personnel then modified the cells in Unit 3, B tier for handicap inmates, but those cells did not accommodate his needs because "I had no place to put my clothes other than on the floor." In sum, he states that the cell he was in on Unit 3, B tier did not comply with the Rehabilitation Act ("RHA") of 1973 and did not provide a satisfactory accommodation.[1] In his various attachments he references his exclusion from the benefits of a program and/or activities.

Spivey further claims that in March of 2008, he wrote to his classification case manager and asked to be transferred out of WCI because of a known enemy. He alleges he was told that WCI is the only wheelchair accessible institution in the DOC and due to his mobility issues, he "fit into the

[1] Spivey's attachments reference the Americans with Disabilities Act ("ADA"). Defendants argue, and Spivey does not refute the claim that the complaint itself does not raise an ADA claim. The court

wheelchair/handicapped category and therefore cannot be transferred to another institution." Spivey further states that he sought transfer to the Jessup Correctional Institution in July of 2008, but was again told that WCI was the only institution designated to accommodate wheelchair inmates whose classification is at medium security.

Spivey maintains that all correctional facilities should have a few handicap accessible cells. He sues the Department of Public Safety and Correctional Services ("DPSCS"), the State of Maryland, and the Maryland State Treasurer and seeks punitive and compensatory damages, injunctive relief to compel the DPSCS to have "a few handicap accessible cells…and all programs accessible to handicap inmates at each facility," and to transfer him to another facility to participate in various programs.

Spivey has filed a number of letters with the court claiming that he is experiencing problems with ongoing harassment as to his receipt of mail and family visits. The letters also assert that he was transferred to the Roxbury Correctional Institution ("RCI") in August of 2009, denied admission, and involuntarily returned to WCI in August of 2009. Paper Nos. 13, 16, 21, & 25.

Pending before this court is defendants' motion to dismiss, or in the alternative, motion for summary judgment (Paper No. 17), treated as a motion for summary judgment and Spivey's affidavit and opposition responses. Paper Nos. 22-24, 26, & 29. Spivey has also filed motions for preliminary injunction seeking (1) transfer out of WCI to another institution that is handicap accessible and has handicap accessible cells and (2) to compel defendants to make all Maryland correctional facilities handicap accessible. Paper Nos. 27 & 28.

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P.

---

will nonetheless address the claims under the ADA.

56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *Celotex*, 477 U.S. at 322-323. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc*., the Supreme Court explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. at 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir.

2005). The mere existence of a "scintilla"of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment. *See Anderson*, 477 U.S. at 252.

This court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted). Indeed, this court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humpreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

Transfer to another Prison

Spivey has no general constitutional entitlement to be housed at a particular prison. *See Montayne v. Haymes*, 427 U.S. 236, 243 (1976); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Paoli v. Lally*, 812 F.2d 1489, 1493 (4th Cir. 1987). Defendants state that Spivey has repeatedly sought transfer out of WCI, but his case manager has denied same, stating that WCI is the only Maryland correctional facility that can house a disabled inmate at Spivey's security level. Defendants now claim that the case manager was mistaken as Spivey is not confined to a wheelchair, but uses a cane to assist him in walking. They assert that inmates who use canes may request transfers to other institutions at their security level. Defendants allege, however, that at the time Spivey requested a transfer he was ineligible to be placed on a transfer list because he had been found guilty of a disciplinary infraction in March of 2008. They claim that Spivey will be eligible to be placed on a transfer list by August or September of 2009, if he remained infraction-free for a subsequent period of eighteen months. Because he has no constitutional right to be housed at a particular penal institution, this § 1983 claim shall be dismissed.

Conditions of Confinement

An inmate may set out a conditions-of-confinement claim by alleging that he was deprived of a basic human need which was objectively sufficiently serious and that subjectively prison officials acted with a sufficiently culpable state of mind to expose him to those conditions. *See Strickler v. Waters*, 989 F. 2d 1375, 1379 (4th Cir. 1993). Only extreme deprivations are adequate to satisfy the object component of an Eighth Amendment claim. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Such deprivations may be demonstrated by producing evidence of a serious or significant physical injury resulting from the challenged conditions, *see Strickler*, 989 F. 2d at 1380-81; *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997), or by demonstrating a substantial risk of serious harm resulting from the unwilling exposure to the challenged conditions. *See Helling v. McKinney*, 509 U.S. 25, 33-35 (1993). The key in determining whether prison conditions become cruel and unusual is to examine the effect on the inmate. *See Rhodes v. Chapman*, 452 U.S. 337, 364 (1981).

Spivey has failed to demonstrate that he was in any way harmed or injured by his stay in the cell on WCI Unit 3 or at WCI in general. There is no showing that he voiced major constitutional complaints during that stay. Consequently, defendants shall be granted summary judgment as to this Eighth Amendment issue.[2]

Accommodations under the ADA & RHA

Defendants state that Spivey suffered a stroke while incarcerated and has a "degree of 'left sided weakness.'" They state that he is now able to walk easily around WCI with the use of a cane, and climbs stairs to meet with his classification case management counselor on a regular basis.

---

2 In addition, Spivey has failed to show supervisory liability on the part of Defendants with regard to the conditions of his confinement. *See Shaw*, 13 F.3d at 799. Further, the DPSCS and State of Maryland are entitled to dismissal of the § 1983 claim based upon the Eleventh Amendment. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).

Paper No. 18, Ex. A. According to his Case Manager, Spivey has never been deemed ineligible to participate in any program or hold any job for any reason other than his assignment to administrative segregation during his incarceration at WCI.[3] Defendants maintain that WCI is the only DOC facility designed to house physically disabled inmates who use wheelchairs and have a security classification of medium or above.

Defendants acknowledge that on March 11, 2008, Spivey was assigned to a cell in WCI Unit 3 that is used to house physically disabled inmates. They state that Spivey filed a grievance in July of 2008, complaining that the mirror and shelves in his cell were too high and he did not have access to a writing desk. The remedy was subsequently found to be meritorious in part and work orders were placed to fix the height of the mirrors, shelves, and writing desks in all of the cells housing disabled inmates. Paper No. 18, Exs. B & C. According to defendants, the work orders were all completed by December 10, 2008. *Id*., Ex. C. They claim that Spivey is no longer housed in that Housing Unit. *Id*., Ex. B.

Defendants further claim that while confined at WCI, Spivey has participated in a number of programs and has held a number of jobs. *Id*., Ex. A. He has received a high school diploma, worked in general sanitation, and has participated in a number of social work groups. At the time the defendants' responsive pleading was filed, he was awaiting a job placement in the dietary department. Defendants maintain that although Spivey has been afforded the opportunity to participate in non-paying WCI programs, he has declined to do so. *Id*.

In his opposition materials, Spivey alleges that he has stated claims upon which relief may be granted and there are genuine disputes of material fact. He again claims that the cell he was placed

[3] In his affidavit, Spivey claims that he was placed on administrative segregation in March of 2008, because he wrote a letter to his case manager and the WCI Warden and Security Chief asking to be transferred to another institution because of a known enemy. Paper No. 22.

in Unit 3 in March of 2008, did not accommodate his needs regarding the height of the mirror and shelves and the lack of a desk for writing. Spivey states that even when the cells were modified they still did not accommodate his needs because there was no place to set his clothes "other than on the floor." Paper Nos. 23 & 24. He again states he was told that he had to be housed at WCI because his mobility issues fit him into the "wheelchair/handicapped category" and WCI is the only Maryland DOC facility that can accommodate handicapped inmates who are housed medium security and higher. While Spivey originally raised a general claim regarding the denial of "a program" and "activities" at WCI, in his oppositions he claims for the first time that he is being denied programs that are available at other facilities such as the Eastern Correctional Institution and RCI (training in business data programming, computer drafting, graphic arts), Maryland Correctional Training Center (electrical wiring and vocational trades internship), Maryland Correctional Institution ("MCI-H") (furniture reupholstery). Further, he now asserts that when housed at MCI-H and Maryland Correctional Adjustment Center for Baltimore court appearances "for as long as a week," he was placed in cells that did not accommodate his needs. Paper Nos. 23, 24, & 26. In sum, he claims that he has been denied equal employment opportunities available to other inmates who earn diminution credits for vocational shops and work projects. He requests that all DOC facilities come into compliance with the RHA and that a few handicapped-accessible cells be placed at each facility.

In supplemental opposition materials, Spivey refutes defendants' claim that he can be transferred out of WCI because he is not considered disabled, by claiming that on August 13, 2009, he was sent to RCI, but was refused admission because it does not have handicap accessible cells.[4] Paper No. 26. He asserts that as recent as November of 2009, he received an adjustment because he

[4] Spivey claims that he did not refuse re-assignment to RCI, but suggests that the State will indicate so.

refused to be reassigned to another WCI cell and demanded to be transferred to another prison or to a medical tier. Paper No. 29.

In light of the added and particularized allegations raised in Spivey's oppositions, defendants' dispositive motion regarding Spivey's RHA claims shall be denied.[5] The RHA requires that Spivey show wrongful discrimination based upon his disability. The factual allegations presented in the oppositions raise issues as to whether Spivey is considered disabled[6] for purposes of classification and transfer out of WCI to any other medium security in the DOC and whether he is being denied access to programming available at other facilities due to his disability.[7]

For the aforementioned reasons, defendants' motion for summary judgment shall be granted in part and denied in part. Spivey's motions for preliminary injunction shall be denied without

---

[5] Cases interpreting the language of the ADA and that of the RHA have concluded that the applicable legal tests created by these statutes are interchangeable. *See Calloway v. Borough of Glassboro Dep't of Pol.*, 89 F.Supp.2d 543, 551 (D. N.J. 2000). Title II of the ADA applies to inmates in state prisons. *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 212 (1998).

[6] A physical condition may qualify as a "disability" within the meaning of the ADA and RHA, because it "substantially limits one or more ... major life activities." 42 U.S.C. § 12102; 29 U.S.C. § 705(20)(B). Since enactment of the ADA Amendments Act of 2008, effective January 1, 2009, pursuant to 42 U.S.C. § 12102(E)(i):

> The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as–
>
> (I) medication, medical supplies, equipment, or appliances, low-vision devices (which do not include ordinary eyeglasses or contact lenses), prosthetics including limbs and devices, hearing aids and cochlear implants or other implantable hearing devices, mobility devices, or oxygen therapy equipment and supplies.

[7] The RHA provides disabled individuals redress for discrimination by a "public entity" which receives federal funds. Consequently, it would also appear that individual liability is not contemplated under § 504 of the RA. *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999); *Dunion v. Thomas*, 457 F.Supp.2d 119 (D. Conn. 2006); *Calloway v. Boro of Glassboro Dep't of Police*, 89 F.Supp.2d 543, 557 (D. N.J. 2000).

prejudice. Defendants shall respond to all allegations raised in those motions.[8] An accompanying order shall set out a motions schedule to be followed by the parties.

Date: December 18, 2009

/s/
J. Frederick Motz
United States District Judge

[8] All future dispositive motions shall address Spivey's claims under the ADA.