IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONTAE SPIVEY, #285631 | * |
|     Plaintiff, | |
| v. | * CIVIL ACTION NO. JFM-09-440 |
| DEPARTMENT OF PUBLIC SAFETY & | * |
|   CORRECTIONAL SERVICES | |
| STATE OF MARYLAND | * |
| MARYLAND STATE TREASURER | |
|     Defendants. | * |
| | *** |

MEMORANDUM

Dontae Spivey ("Spivey"), is a Division of Correction ("DOC") inmate. There is no dispute that he has some residual paralysis and weakness on the left side of his body due to a stroke suffered in 2005, while confined in the DOC. He filed this 42 U.S.C. § 1983 action for injunctive and declaratory relief and damages claiming the cell to which he was assigned at the Western Correctional Institution ("WCI") from March to December of 2008 did not accommodate his needs as the shelves and mirrors were too high and there was no writing desk. Spivey acknowledges that WCI personnel then modified the cells for handicaped inmates, but asserts that those cells did not accommodate his needs because "I had no place to put my clothes other than on the floor." In short, he claimed that his cell did not comply with the Rehabilitation Act ("RHA") of 1973 and he was not provided a satisfactory accommodation.[1] The complaint also raised a conclusory claim that Spivey was excluded from the benefit of programs and/or activities.

---

[1] The court previously observed that Spivey's complaint attachments referenced the Americans with Disabilities Act ("ADA") and that the matter would be generously construed as also raising claims under the ADA.

The action also alleged that in March of 2008, Spivey was denied a requested transfer out of WCI due to his security concerns (known enemy). He claimed he was told that WCI was the only wheelchair-accessible institution in the DOC and due to his mobility issues, he fit into a wheelchair/handicapped category and could not be transferred to another institution." Spivey further claims that he sought transfer to the Jessup Correctional Institution ("JCI") in July of 2008, but was again told that WCI was the only institution designated to accommodate wheelchair inmates who are classified to medium security.

Spivey maintained that all correctional facilities should have a few handicap accessible cells. He sues the Department of Public Safety and Correctional Services ("DPSCS"), the State of Maryland, and the Maryland State Treasurer, seeking punitive and compensatory damages, injunctive relief to compel the DPSCS to have "a few handicap accessible cells…and all programs accessible to handicap inmates at each facility" and to transfer him to another facility to participate in various programs.

On December 21, 2009, the court issued an opinion which ruled on various motions. When the dust settled, the court granted summary judgment in favor of defendants as to Spivey's 42 U.S.C. § 1983 claims regarding his transfer to another prison and the conditions of his confinement, but denied summary judgment as to Spivey's ADA and RHA claims regarding accommodations made for disability.[2] Defendants were ordered to respond to issues surrounding Spivey's disability for

---

[2] While Spivey originally raised a general claim regarding the denial of "a program" and "activities" at WCI, in his oppositions he claimed for the first time that he was being denied programs that are available at other facilities such as the Eastern Correctional Institution ("ECI") and the Roxbury Correctional Institution ("RCI") (training in business data programming, computer drafting, graphic arts), Maryland Correctional Training Center ("MCTC") (electrical wiring and vocational trades internship), and Maryland Correctional Institution ("MCI-H") (furniture reupholstery), because they are not accessible for handicapped inmates. In sum, he claimed that he has been denied equal employment opportunities available to other inmates who earn diminution credits for vocational shops and work projects.

purposes of classification and transfer out of WCI or to any other medium security in the DOC and whether he is being denied access to programming available at other facilities due to his disability.

Defendants have since filed supplemental motions for summary judgment. Paper Nos. 35 & 39. Spivey has filed a response and affidavit. Paper Nos. 41 & 45. The case is ready for consideration and the motions may be determined without oral hearing. *See* Local Rule 105.6. (D. Md. 2010).

Title II of the ADA, 42 U.S.C. § 12131, *et seq.*, prohibits qualified individuals with disabilities from being excluded from participation in or being denied the benefits of the services, programs or activities of a public entity. Cases interpreting the language of the ADA and that of the RHA have concluded that the applicable legal tests created by these statutes are interchangeable. *See Calloway v. Boro of Glassboro Dep't of Pol.,* 89 F.Supp.2d 543, 551 (D. N.J. 2000). To state a claim for violation of either the RHA or the ADA, the plaintiff must show that (s)he (1) has a disability, (2) is otherwise qualified to participate in a program, and (3) was denied the benefits of the program or discriminated against because of the disability. *See Millington v. Temple Univ. Sch. Of Dentistry*, 261 Fed. App. 363, 365 (3rd Cir. 2008). A physical condition may qualify as a "disability" within the meaning of the ADA and RHA because it "substantially limits one or more ... major life activities." 42 U.S.C. § 12102; 29 U.S.C. § 705(20)(B). Under the law in this circuit, to establish that he is disabled under the ADA, Spivey must prove that: he has a physical or mental impairment; that this impairment implicates at least one major life activity; and the limitation is substantial. *See Heiko v. Columbo Savings Bank, F.S.B.*, 434 F.3d 249, 254 (4th Cir. 2006).

According to defendants, who rely on the declaration of Tiffany Bennett, the Assistant Director of Nursing at WCI, Spivey is ambulatory, walks without difficulty and is not considered

disabled as he is able to perform all regular daily activities without assistance. Spivey's classification case manager, James Bennett, affirms that to his knowledge Spivey has never needed a wheelchair to assist him and he was assigned to a handicap-accessible cell not out of necessity, but because he had some weakness following a 2005 stroke and the cell was available. Bennett maintains that Spivey was assigned to the WCI dietary department since September of 2009. The record shows that Spivey was transferred to JCI in March of 2010 as part of a multi-facility exchange of inmates. Defendants argue that this moots his injunctive relief request.

For his part Spivey claims that defendants are refusing to acknowledge his disability within the meaning of the RHA and ADA. He asserts that he was diagnosed with chronic hemiplegia or partial paralysis of one side of the body and requires use of an assistive device (cane). Spivey states that he has limited movement and coordination on the left side of his body and he cannot lift heavy things or use his left arm. He affirms that defendants have failed to come forward with a qualified medical expert to dispute his disability and have instead relied on classification and nursing personnel affirmations. Spivey further disputes defendants' claim that he was assigned to a handicap-accessible cell as a courtesy and not out of necessity. He claims that Dr. Tessema issued a medical order for him to be assigned to a handicap accessible cell on November 16, 2005, because he needed handrails to accommodate his needs as a handicap inmate. Spivey also states that his claim of disability is supported by the continued issuance of medical orders for a cane, handrail in cell and shower, no leg irons, and longer shower time in order to accommodate his injury. He again claims that he is being denied access to specialized programming[3] offered at other facilities because they are

---

[3] Spivey states that he cannot access job training in Business Data Programming, Computer Drafting, Electrical Wiring, Furniture Reupolstery, Graphic Arts, and the Vocational Trades Internship offered at other institutions.

4

not handicap accessible and do not have handicap accessible cells. He correctly notes that defendants did not respond to this issue, although ordered to do so by the court. Finally, Spivey asserts that his various claims have not been rendered moot by his transfer out of WCI because he has raised claims regarding the DOC state-wide and is also seeking compensatory and punitive damages.

The briefing provided to this court shows that there is a genuine dispute as to whether Spivey qualifies as a disabled person under the ADA or RHA. Indeed, there is a disagreement as to the extent of Spivey's handicap. However, even assuming, *arguendo*, that he has a disability under the ADA/RHA, Spivey states and the record shows that in 2008, he filed a grievance regarding the need for accommodations to his WCI cell. There is no dispute that accommodations were made to fix the height of the mirrors, shelves, and writing desks in all of the cells housing disabled inmates. Defendants thus substantially complied with the request by modifying the fixtures and furnishings. To the extent that Spivey claims that the accommodation failed to address an issue concerning clothing storage, he has failed to show injury. This element of the ADA/RHA complaint shall be dismissed. Further, to the extent that Spivey sought injunctive relief in the form of a transfer to another facility, his transfer to JCI moots that relief request.

The court finds, however, that there remains disputed factual issues regarding Spivey's ADA/RHA claims surrounding any disability and his inability to obtain a transfer out of WCI to obtain programming available at several other facilities because they are not handicap-accessible.[4]

---

[4] As already noted, defendants were directed to and did not respond to ADA/RHA issues regarding the specialized programming available at other facilities and Spivey's claim that for at least a two-year period he could not be transferred to those prisons to participate in those programs because the prisons are not handicapped-accessible. It remains unanswered whether (1) Spivey had requested, was classified, and/or was found eligible for those programs and was denied the ability to participate in those specialized programs because of handicapped-accessibility issues, and (2) whether such action on the part of defendants violates the

Summary judgment shall be denied as to these issues. Spivey is granted an additional period of time to seek the appointment of counsel. A separate order effecting the rulings made in this opinion is entered herewith.


Date: August 11, 2010                    __/s/_____
                                         J. Frederick Motz
                                         United States District Judge

---

dictates of the ADA/RHA.